JOURNAL ENTRY and OPINION
Defendant-appellant Robert Vasquez appeals from his convictions for rape and kidnapping entered after a jury trial. He argues that the evidence was both insufficient to support his convictions and against the manifest weight; his counsel was ineffective; and the trial court erred in permitting hearsay testimony. We find no merit to the appeal and affirm the trial court's judgment.
Vasquez was indicted on one count of rape of a child under the age of thirteen (R.C. 2907.02) and one count of kidnapping (R.C 2905.01) with a sexual motivation specification.
The matter proceeded to a jury trial at which the following evidence was presented.
On July 23, 2000, the nine-year-old victim and her father, who is a Cleveland police officer, went to Don Shaffer's house. Shaffer is the victim's father's best friend. The father and the victim met Shaffer and his fiancee Becky Egbertson and Becky's sister, Kara Vasquez earlier in the evening. They decided that Shaffer would pick up some fast food and they would go to Shaffer's house to eat. The victim's father first returned home to drop off his boat.
By the time the victim and her father arrived at Shaffer's house, it was late and Shaffer and Becky had retired for the night. However, staying with Shaffer was Becky's sister, Kara Vasquez, and her husband, the defendant, Robert Vasquez, and their two small children. These individuals were still awake, so the victim and her father proceeded to join them in eating the fast food.
After they finished, the victim's father went outside with Kara Vasquez, leaving the victim with Robert Vasquez. Vasquez invited the victim to go downstairs into the basement to watch television and to help him with his two small children. In the basement was a bunk bed. The victim testified that she climbed onto the top bunk and that Vasquez also climbed onto the top bunk after removing the bunk ladder. According to the victim, he then pushed her down with his arm and, while holding his hand over her mouth, he pulled down her pants and underwear and began licking her private spot. As he was doing this, his two infant children were crawling around on the bottom bunk. He continued the assault until the victim's father called to her from the top of the stairs. The victim then put her clothes back on and went home.
The victim did not say anything about the assault to her father at that time. The next day, the father took the victim and her sister to spend a week with their grandparents in Rochester, New York. When the girls returned, the father took them to Shaffer's house to babysit. After they arrived, the victim's father took Kara Vasquez for a motorcycle ride. Sometime later, Robert Vasquez and Don Shaffer returned from work. Robert Vasquez asked the victim several times to go down into the basement with him, but she refused. She then told Don Shaffer that she needed to talk to him. She told Shaffer that Robert Vasquez had sexually assaulted her.
When the victim's father returned, Shaffer informed the victim's father what she had told him. The father called his partner at the police department to request that he come over to the house. He and his partner then talked with his daughter to explain the serious nature of the charges and to assure she was telling the truth. He then called 911. During this entire time, Vasquez remained in the basement until he was arrested later that night.
The victim was taken by ambulance to Metro Hospital where she was interviewed by a social worker and a physical exam was performed.
The father testified that since his daughter disclosed the sexual assault, she has been very fearful for her safety. She sleeps in her father's bed and every night he has to show her that all the windows and doors are locked. She also calls him daily from school to request that he pick her up. She is receiving therapy at the rape crisis center.
The jury found Vasquez guilty and the trial court sentenced him to life in prison for the rape and nine years in prison for the kidnapping, to be served concurrently.
Vasquez timely appeals and asserts three assignments of error.
 I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR RAPE AND/OR KIDNAPPING AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v. Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks(1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As this court has stated:
 The weight to be given evidence and the credibility of witnesses are determinations to be made by the triers of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. If there was sufficient evidence for the triers of fact to find defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence. State v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239.
State v. Rios (1991), 75 Ohio App.3d 288, 291. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, 273.
Vasquez argues that the evidence supporting his convictions was insufficient and against the manifest weight of the evidence because there was no physical evidence of the rape or eyewitness testimony. He also argues that the victim was not credible because she admitted that she had lied to her father and sister in the past and because her testimony regarding who was present in the house at the time of the incident was contradicted by other witness testimony. He also argues she was not credible because she did not give a detailed recitation of the attack when she disclosed the assault to Don Shaffer.
It is not surprising that there was no physical evidence of the assault because the victim did not tell anyone of the assault until eleven days after the event. The fact that there was no eyewitness to the assault is also not surprising, given the secretive nature of the assault. Vasquez lured the child downstairs into the basement where no adults were present.
The failure to have physical evidence or eyewitness testimony to the rape, however, was not necessary, given the victim's testimony detailing the assault. The victim testified that Vasquez removed the bunk bed ladder, then climbed onto the bed and pinned her down. He then covered her mouth while he performed oral sex upon her. This testimony was clearly sufficient to support Vasquez's convictions for rape and kidnapping.
As to the credibility of the victim and her contradictory testimony, the weight and credibility to be given to that testimony were matters for determination by the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
We find that the State presented sufficient competent and credible evidence from which the jury could conclude that the State proved each element of the offenses charged beyond a reasonable doubt. Vasquez's first assignment of error is therefore overruled.
 II. APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED TO HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Vasquez argues counsel was ineffective by failing to investigate the case for the existence of defense witnesses, failing to object to hearsay testimony, and eliciting prejudicial testimony on cross-examination of social worker Sally Weindorf.
This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673, 674.
Vasquez's claim that counsel was ineffective for failing to investigate the case or call witnesses on Vasquez's behalf is without merit. Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992),75 Ohio App.3d 219, 230. The mere failure to subpoena a witness for trial is not a substantial violation of defense counsel's essential duty absent a showing of prejudice. Id. at 230. In this case, Vasquez has not demonstrated prejudice because there is no evidence that favorable witnesses for the defense existed. There is also no evidence in the record that his counsel failed to conduct adequate discovery.
Counsel's failure to object to social worker Sally Weindorf's testimony regarding the victim's statement and counsel's eliciting evidence of Vasquez's drug abuse problem and prior child abuse allegations during the cross-examination of Weindorf, constituted harmless error. As the Court in Strickland held, even professionally unreasonable errors by defense counsel do not violate the Sixth Amendment right to counsel absent an actual effect on the outcome of the trial. Strickland, supra at 695. Thus, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermines the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. State v. Frazier (1991), 61 Ohio St.3d 247, 253.
In the instant case, even without Weindorf's testimony, there was sufficient evidence of the rape and kidnapping as provided by the victim's explicit testimony of the assault. Therefore, these alleged errors committed by counsel did not effect the outcome of the trial.
Vasquez's second assignment of error is overruled.
 III. THE TRIAL COURT ERRED IN ALLOWING IN THE HEARSAY TESTIMONY OF STATE WITNESS SALLY WEINDORF, WHICH WAS IN VIOLATION OF EVIDENCE RULE 807.
Vasquez argues that the trial court erred in permitting Sally Weindorf to testify regarding the victim's statements made during her interview with the victim. We note that defense counsel failed to object to this testimony. Nonetheless, we find no plain error.
The trial court should not have permitted the social worker to testify to the victim's statements during the interview. These statements did not qualify under the hearsay exception in Evid.R. 803(4) because the statements were not made for medical diagnosis or treatment. State v. Chappell (1994), 97 Ohio App.3d 515, 531. The social worker questioned the child for investigative purposes.
However, even though the testimony should not have been permitted, no prejudice resulted because the declarant of the statement testified in detail and was thoroughly cross-examined by Vasquez's counsel. Therefore any hearsay dangers were eradicated. State v. Spirko (1991),59 Ohio St.3d 1, 31. Moreover, the victim's statements to the social worker were merely cumulative because the victim testified at length regarding the sexual assault.
Vasquez's third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and TERRENCE O'DONNELL, J., CONCUR